Brenda HARRIS, Individually and in behalf of all other persons similarly situated, Plaintiff-Appellant,

v.

Edward PEABODY et al., Defendants,

Bennett Adams, in his official capacity as head of the warrant office for the State Court of Fulton County, Defendant-Appellee.

No. 79–2747
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1980.

Rehearing Denied March 12, 1980.

John S. Graettinger, Jr., Robert N. Dokson, Steven Gottlieb, Atlanta, Ga., for plaintiff-appellant.

Douglas B. Warner, East Point, Ga., for defendant-appellee.

Before GODBOLD, CHARLES CLARK and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Brenda Harris appeals from an order dismissing her as class representative. Since we do not find that the trial court abused its discretion, we affirm.

Ms. Harris rented a television from Love's T.V. and Stereo Rental. Thereafter, the set was allegedly stolen from Ms. Har-

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

ris' house. Shortly thereafter, Love's T.V., through its employee-representative Peabody, initiated criminal proceedings against Ms. Harris pursuant to Georgia Code Ann. § 26–1814[1]. This statute makes the conversion of leased personal property a felony.

Bennett Adams, head of the Warrant Office for Fulton County, accepted for filing Peabody's affidavit for violation of the statute. Ms. Harris was notified of the warrant which had been issued for her arrest and voluntarily surrendered. The complaint was dismissed the next day due to a deficiency in the allegations, but the judge of the state court in which the complaint was filed advised Peabody how to correctly allege the crime.

Appellant Harris then instituted the instant class action in Federal Court against Love's Rental, Peabody, and warrant officer Adams. She sought damages from the private parties, as well as declaratory and injunctive relief to declare Section 26–1814 unconstitutional and to restrain the defendants from attempting to enforce it.

On February 8, 1978, the district court certified the class suit against Adams, but not against Peabody and Love. Six weeks later the court approved a settlement of Harris' claim against the private parties and dismissed them from the suit.

In November, 1978, the judge modified the class and, after finding plaintiff's constitutional challenge to be moot, ruled that Harris was not an adequate class representative. The case was "dismissed as to plaintiff, Brenda Harris, but not [as to] the class." Judge Henderson granted any class member thirty days to intervene and attempt to qualify as a proper class representative. Harris filed a motion to vacate or modify the November order, and on March 21, 1979, it was denied. Counsel subsequently declined to notify class members of their right to intervene or to seek a member to intervene as class representative. The district court then decertified the class and dismissed the action because there was no class representative. Plaintiff Harris then instituted this appeal.

Appellant Harris does not quarrel with the district court's finding that the case was moot as to her. The sole claim on appeal is that the court erred in holding she was no longer an adequate class representative.

■ It is well settled that the mooting of a named plaintiff's claim after certification does not necessarily destroy the plaintiff's ability to represent the class. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Whether such a plaintiff may continue to represent a class depends upon the facts of the given case. Whatever the trial court's determination, we will not reverse absent an abuse of discretion. *See Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975).

---

1. Ga.Code Ann. § 26–1814 provides:

26–1814 Conversion of leased personal property

(a) A person commits conversion of leased personal property when he converts to his own use any personal property which has been delivered under the terms of a lease or rental agreement in violation of the agreement and to the damage of the owner or lessor.

(b) For the purpose of this section, an intentional conversion shall be presumed to have occurred whenever a person to whom personal property has been rented or leased shall knowingly and in violation of his agreement:

(1) Sell, exchange or otherwise dispose of such property, or any part of it, without the express consent of the owner or lessor; or

(2) Cause or permit such property, or any part of it, to be either concealed or removed so as to hinder, delay or prevent its lawful recovery by the owner or lessor; or

(3) Fail or refuse without a lawful reason to surrender such property, or any part of it, to the owner or lessor upon demand following the expiration or lawful termination of said agreement.

(c) Any person violating subsection (a) shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not less than one nor more than two years, except if the value of the property converted is $100 or less, the person violating subsection (a) shall, upon conviction, be punished as for a misdemeanor.

Plaintiff argues that the record establishes an abuse of discretion. In support of her argument, she points out that her interests are in no way antagonistic to the interests of the remainder of the class; that counsel is competent to prosecute this action;[2] and that she has properly pursued the interests of her class members at every stage of the proceedings. Our examination of the record reveals no flaw in this analysis.

Judge Henderson, however, reached the opposite conclusion. Since no prosecution was pending against plaintiff and the record did not reveal that she was a party to a personal property lease contract, Section 26–1814 posed no threat to Ms. Harris. In short, her interests were no longer coextensive with the interests of the other members of the class that were subject to the law. Given the serious nature of a constitutional challenge to a state criminal statute, Judge Henderson felt "a truly adversary posture" was required, especially where the case had not yet been tried.

Plaintiff contends the district court, in essence, was holding that when a class representative's claim is mooted prior to trial, that plaintiff loses the ability to adequately represent the class. The state of the proceeding at which the individual resolution occurs, she argues, has no bearing on the issue of whether an individual can continue as an adequate class representative. We disagree. The stage at which the individual resolution occurs and the extent of the resolution are important factors. Courts can, and should, take these into consideration when evaluating a plaintiff's ability to adequately represent a class. This is certainly true where the underlying claim poses a constitutional challenge. *Cf. Flast v. Cohen,* 392 U.S. 83, 91, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (premature rulings on constitutional questions are to be avoided).

Were we sitting as district court judges, we would find the question of adequate representation to be a close one. Reasonable minds could easily differ. Our standard of review, however, is "abuse of discretion". The very fact that the issue before us is so close indicates that there was no such abuse. For this reason, the Order of the district court is

AFFIRMED.

2. Indeed, the legal work done in this case by Atlanta Legal Aid Society is superior.