In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1555

Scott Culver,

Plaintiff-Appellant,

v.

City of Milwaukee, et al.,

Defendants-Appellees,

and

United States of America,

Defendant-Intervenor-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 93 C 189--Lynn Adelman, Judge.

Argued November 5, 2001--Decided January 15, 2002

  Before Bauer, Posner, and Ripple, Circuit
Judges.

  Posner, Circuit Judge.  A class action
suit was brought on behalf of white males
who claimed to have been discriminated
against in hiring by the Milwaukee police
department. The district court granted
the defendants' motion to decertify the
class and having done so dismissed the
suit because the class representative's
own claim was conceded to be moot. A
properly certified class action survives
the mootness of the original
representative's claims, but an
individual action must be dismissed in
identical circumstances, Nelson v.
Murphy, 44 F.3d 497, 500 (7th Cir. 1995);
Lusardi v. Xerox Corp., 975 F.2d 964,
974-75 (3d Cir. 1992), and this suit
became an individual action when the
class was decertified. The would-be class
representative has standing to appeal,
however, United States Parole Commission
v. Geraghty, 445 U.S. 388, 404 (1980), as
otherwise the defendant in a class action
suit could delay appeals indefinitely by
buying off successive class
representatives. Cf. Parks v. Pavkovic,

753 F.2d 1397, 1403 (7th Cir. 1985); Susman v. Lincoln American Corp., 587 F.2d 866, 870 (7th Cir. 1978); Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1051 (5th Cir. 1981).

The suit was filed in 1993. Culver, the plaintiff and class representative, claimed that the previous year he had re quested from the Milwaukee police department an application for employment as a police officer and had been told he could not have one because the department would not be accepting applications from white males until 1994. He sought to certify a class consisting not only of other white males whose requests for job applications had been turned down but also white males who had somehow succeeded in applying but had not been hired because the department had changed the scores on the entrance exams to favor women and members of minority groups. The district court certified this broad class in 1995. Six years later, a different district judge, to whom the case had been reassigned, granted the City's motion to decertify the class on the ground that the class was improper and Culver not an adequate representative of any subclass that might be carved out of it. The judge then dismissed the suit, as we said, because Culver's claim was moot.

The class action is an awkward device, requiring careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff (or handful of plaintiffs, when, as is not the case here, there is more than one class representative) whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests. Often the class representative has a merely nominal stake (Culver has no stake), and the real plaintiff in interest is then the lawyer for the class, who may have interests that diverge from those of the class members. The lawyer for the class is not hired by the members of the class and his fee will be determined by the court rather than by contract with paying clients. The cases have remarked the dan ger that the lawyer will sell out the class in exchange for the defendant's tacit agreement not to challenge the lawyer's fee request. Blair v. Equifax Check Services, Inc., 181 F.3d 832, 839

(7th Cir. 1999); Mars Steel Corp. v. Continental Illinois National Bank & Trust Co., 834 F.2d 677, 681 (7th Cir. 1987); In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 801-05 (3d Cir. 1995); Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 524 (1st Cir. 1991).

Rule 23 tries to minimize the potential abuses of the class action device in two principal ways, first by insisting that the class be reasonably homogeneous, Fed. R. Civ. P. 23(a)(2); Sosna v. Iowa, 419 U.S. 393, 403 n. 13 (1975), and second by insisting that the class representative be shown to be an adequate representative of the class. Fed. R. Civ. P. 23(a)(3); Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-26 and n. 20 (1997); Harriston v. Chicago Tribune Co., 992 F.2d 697, 704 (7th Cir. 1993); cf. In re American Medical Systems, Inc., 75 F.3d 1069, 1083 (6th Cir. 1996). These are often and here related controls because if the class is heterogeneous, the representative is unlikely to be able to offer representation to all members, Robinson v. Sheriff of Cook County, 167 F.3d 1155, 1157 (7th Cir. 1999), in much the same way that if a collective bargaining unit is heterogeneous, a union will not be able to offer representation to all members free of any conflict of interest, and so a unit may not be certified for collective bargaining purposes unless the members have a "community of interest." Continental Web Press, Inc. v. NLRB, 742 F.2d 1087, 1089-90 (7th Cir. 1984). One is not surprised, therefore, that the Supreme Court has disapproved the "across the board" class action, that is, a class action in which the class representative has suffered a different kind of injury from other members of the class. General Telephone Co. v. Falcon, 457 U.S. 147, 157-59 (1982). And Falcon was a discrimination case, like this one.

The class that was originally certified in this case and has now been decertified was heterogeneous. Would-be Milwaukee police officers who never received a job-application form to fill out are very differently situated from those who received and completed the form and took the entrance test but were not hired because the test was scored in a

discriminatory fashion. The members of the first set are more difficult to identify than the members of the second, since the City has no record of persons who request but are not sent application forms. Also unlike members of the second set, members of the first, to have any sort of claim for which relief could be granted, would have to prove that they had the minimum qualifications to be hired. But--and this is still a third difference--the members of the first set, unlike the members of the second, would not have to prove that the entrance exams were scored in a discriminatory fashion, because their complaint is that they were not even considered for employment.

These differences show that as the district judge directed, the previously certified class had to be divided into two classes, Fed. R. Civ. P. 23(c)(4)(B); Ortiz v. Fibreboard Corp., 527 U.S. 815, 856 (1999); Williams v. Chartwell Financial Services, Ltd., 204 F.3d 748, 760 (7th Cir. 2000), especially since Culver, the class representative, is not, and cannot be (because the classes are mutually exclusive), a member of both. He is a member of the first, and so it would be passing strange for him (and a violation of the rule of Falcon, rejecting "across the board" classes) to be considered an adequate representative of members of the second. Gilchrist v. Bolger, 89 F.R.D. 402, 408 (S.D. Ga. 1981), aff'd (on this point), 733 F.2d 1551, 1555 (11th Cir. 1984); Vuyanich v. Republic National Bank, 82 F.R.D. 420, 434-35 (N.D. Tex. 1979). (These cases so held before the Supreme Court in Falcon wiped out the Fifth Circuit's favorable policy toward "across the board" classes.) For that would require him to get into issues, such as the scoring system used by the Milwaukee police department, that are inapplicable to his own situation. See Rutherford v. City of Cleveland, 137 F.3d 905, 909-10 (6th Cir. 1998). Another route to the same conclusion is that Culver's claim is not typical of the claims of the entire class, as Rule 23 also requires. Fed. R. Civ. P. 23(a)(3); Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993); Castro v. Beecher, 459 F.2d 725, 732 (1st Cir. 1972).

Of course, the fact that a class is overbroad and should be divided into

subclasses is not in itself a reason for refusing to certify the case as a class action. Williams v. Chartwell Financial Services, Ltd., supra, 204 F.3d at 760; In re Brand Name Prescription Drugs Antitrust Litigation, 115 F.3d 456, 457-58 (7th Cir. 1997); Boucher v. Syracuse University, 164 F.3d 113, 119 (2d Cir. 1999). Culver might (in principle, though not in actuality, as we're about to see) be an adequate representative of the subclass to which he belongs, and the lawyer for the class might be able to interest a member of the other subclass in becoming the representative of that subclass. Kremens v. Bartley, 431 U.S. 119, 134-35 (1977); In re Brand Name Prescription Drugs Antitrust Litigation, supra, 115 F.3d at 457-58; Johnson v. American Credit Co., 581 F.2d 526, 532-33 and n. 13 (5th Cir. 1978). But the lawyer has not tried to do that; she insists that the class not be divided.

The district judge was justifiably skeptical of Culver's adequacy to represent even his own subclass. Culver made only perfunctory efforts back in 1993 to obtain a job application, and shortly afterwards he obtained another job, with which he is content. Having thus no interest in injunctive relief and not seeking damages either (he admits that his claim is moot), Culver not surprisingly has pursued the suit in a most lackadaisical manner. In the eight years that it has been pending, he has yet to identify any other members of either the larger class or his subclass. He has done nothing to move the case forward except file a flurry of frivolous motions to recuse the various district judges who have succeeded each other in the unrewarding task of shepherding this case. The least frivolous ground, though still frivolous, is that the current district judge's former law firm represented the union that represents Milwaukee police officers. The judge himself did not represent the union; the firm did not represent the union while the judge was a member of the firm; and the union is not a party to this litigation. There was thus no basis for recusal. See 28 U.S.C. sec. 455(b)(2); Murray v. Abt Associates, Inc., 18 F.3d 1376, 1379 (7th Cir. 1994); In re National Union Fire Ins. Co., 839 F.2d 1226, 1230 (7th Cir. 1988); Cipollone v. Liggett Group, Inc., 802 F.2d 658, 659

(3d Cir. 1986).

Although the mootness of a named plaintiff's claim does not automatically disqualify him from serving as class representative, since it does not make the suit moot (the unnamed class members' claims are not moot), Sosna v. Iowa, supra, 419 U.S. at 401, it makes him presumptively inadequate, in our view, unless the defendant is executing a strategy of buying off class representatives successively in an effort to derail the suit. Cf. Kremens v. Bartley, supra, 431 U.S. at 129-30, 132; Susman v. Lincoln American Corp., supra, 587 F.2d at 870; Reed v. Bowen, 849 F.2d 1307, 1312 n. 6 (10th Cir. 1988); Harris v. Peabody, 611 F.2d 543, 545 (5th Cir. 1980) (per curiam). The City of Milwaukee has not employed that strategy; Culver's job that has mooted his claim is not with or arranged by the City. Given the mootness of Culver's claim and his consequent lack of any material stake in prosecuting this litigation--given as well the lack of energy with which he has discharged his duties as class representative--the lawyer for the class should have lined up another class member to take Culver's place as class representative in the event that we ordered the class recertified. She has not done this. So far as we can tell, no member of the class has any interest beyond that of a curious onlooker in pursuing this litigation. That is a compelling reason for decertification unless the requirement that a class action, like any other suit, have a plaintiff is to be dropped and the class lawyer recognized as the true plaintiff, a step that however "logical" the courts and Congress have balked at taking.

Furthermore, even if Culver were an adequate representative of his own subclass, the district judge was not obliged to allow the suit to be maintained as a class action in the face of the refusal of the class representative's lawyer to cooperate in dividing the class into subclasses. That refusal was another ground for decertification, as it was a further indication that the plaintiff was an inadequate representative of the class(es). Robert H. Klonoff, Class Actions and Other Multi-Party Litigation in a Nutshell 44 (1999). For purposes of

determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative. This is so because even when the class representative has some stake (unlike Culver), it is usually very small in relation to the stakes of the class as a whole, magnifying the role of the class lawyer and making him (or in this case her) realistically a principal. Indeed the principal. When we said earlier in this opinion that "Culver has done nothing to move the case forward except to file a flurry of frivolous motions" and remarked "the lack of energy with which he [Culver] has performed his function of class representative" and that the courts and Congress had refused as yet to rule that "the requirement that a class action, like any other suit, have a plaintiff is to be dropped and the class lawyer recognized as the true plaintiff," realists reading this opinion no doubt sniggered. All Culver's moves in this suit were almost certainly the lawyer's. Realistically, functionally, practically, she is the class representative, not he. "Experience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions. Every experienced federal judge knows that any statements to the contrary is [sic] sheer sophistry." Greenfield v. Villager Industries, Inc., 483 F.2d 824, 832 n. 9 (3d Cir. 1973); see Mars Steel Corp. v. Continental Illinois National Bank & Trust Co., supra, 834 F.2d at 681.

If, therefore, the lawyer, through breach of his fiduciary obligations to the class, see Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1327-28 (9th Cir. 1999); Sondel v. Northwest Airlines, Inc., 56 F.3d 934, 938 (8th Cir. 1995); Piambino v. Bailey, 757 F.2d 1112, 1139 (11th Cir. 1985); Greenfield v. Villager Industries, Inc., supra, 483 F.3d at 832, or otherwise, demonstrates that he is not an adequate representative of the interests of the class as a whole, realism requires that certification be denied. Dubin v. Miller, 132 F.R.D. 269, 273 (D. Colo. 1990) ("adequacy of representation also requires that counsel for the class fulfill a fiduciary obligation to the class"); Wagner v. Lehman Bros. Kuhn Loeb Inc., 646 F. Supp.

643, 661 (N.D. Ill. 1986) ("where there is reason to doubt [class] counsel's ability to meet those [fiduciary] duties [to the class], class certification must be denied").

Although the class was rightly decertified, and the suit, having thus been demoted to an individual action, therefore rightly dismissed because Culver's claim had become moot, there is a loose end. Rule 23(e) requires that notice of a proposed dismissal "be given to all members of the class." The purpose is to enable the class members to protect their interests in the face of the dismissal of the class action. One thing they may need protection against is the class representative's selling out the class by trading dismissal for benefits to himself. This was not a factor here; another thing they may need protection against, however, and it may be a factor here, is the expiration of the statute of limitations on the class members' claims without their realizing it. The filing of a class action suit tolls the statute of limitations for all the members of the class, Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 352-54 (1983); American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974); Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000); Glidden v. Chromalloy American Corp., 808 F.2d 621, 627 (7th Cir. 1986), but when the suit is dismissed without prejudice or when class certification is denied the statute resumes running for the class members. Crown, Cork & Seal Co. v. Parker, supra, 462 U.S. at 354; Chardon v. Fumero Soto, 462 U.S. 650, 658-60 (1983); Elmore v. Henderson, supra, 227 F.3d at 1012; In re Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1298 (7th Cir. 1995); Glidden v. Chromalloy American Corp., supra, 808 F.2d at 627; Stone Container Corp. v. United States, 229 F.3d 1345, 1355-56 (Fed. Cir. 2000); Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1384-85 (11th Cir. 1998) (en banc); Rodriguez v. Banco Central, 790 F.2d 172, 179 (1st Cir. 1986). Unless they are notified that the suit is dismissed, they may fail to file their own suits and thus fail to "re-arrest" the statute of limitations, Glidden v. Chromalloy American Corp., supra, 808 F.2d at 627; Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1409 (9th Cir. 1989), and as a result they may find

themselves time barred without knowing it.

We are mindful that some cases confine the duty of notice to settlements, on the theory that if a suit is dismissed as the result of an adjudication of the merits, the danger that the class representative or class counsel is selling out the class in exchange for benefits for himself is obviated. See, e.g., Riddick by Riddick v. School Board, 784 F.2d 521, 531 (4th Cir. 1986); Shelton v. Pargo, Inc., 582 F.2d 1298, 1300 n. 1 (4th Cir. 1978); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure sec. 1797, pp. 345-46 (2d ed. 1986). But these cases overlook the other danger to the members of the class, the danger that the statute of limitations on their claims will run without their knowing it until it is too late, a danger that is independent of whether the dismissal is voluntary or involuntary.

The district judge failed to notify the class members of the decertification of the class. He thought they probably were unaware of the suit and therefore would not be prejudiced by its demise. "Probably" is not good enough; it implies that some class members may well have been prejudiced. Although it is not yet definitively settled whether Rule 23(e) is applicable when a class action suit is dismissed before the class is certified (the rule does not indicate which sense of "class" it intends, the certified or the certified plus the "putative," that is, the class alleged in the complaint before any class is certified), see, e.g., Rice v. Ford Motor Co., 88 F.3d 914, 919-20 n. 8 (11th Cir. 1996), we think it the better view, as well as the one suggested in Glidden v. Chromalloy American Corp., supra, 808 F.2d at 625-27, that it is indeed applicable to such suits. The prejudice to class members from a dismissal of which they may be unaware is the same in either case. Stated otherwise, the context in which "class" is used in Rule 23(e) indicates that it is not limited to a certified class. Even cases that refuse to apply Rule 23(e) to putative class actions require notice to the members of the putative class if it seems clear that otherwise their interests would be harmed. E.g., Pearson v. Ecological Science Corp., 522 F.2d 171, 177 (5th

Cir. 1975).

Three qualifications or refinements must be noted, however. First, if it is plain that there is no prejudice, violation of the rule is harmless and compliance will not be ordered. See Simer v. Rios, 661 F.2d 655, 666 (7th Cir. 1981); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764-65 (8th Cir. 2001); Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1336-37 (1st Cir. 1991); Diaz v. Trust Territory of Pacific Islands, supra, 876 F.2d at 1410-11. A good example of such a case is Wimber v. Department of Social and Rehabilitation Services, 156 F.R.D. 259, 263 (D. Kan. 1994), where the court pointed out that "in light of the small class size, the likelihood of former Terramara clients learning of this dismissal through other channels, the early dismissal without prejudice, the lack of possible collusion, and the small danger of the statute of limitations expiring, the court dispenses with the notice and hearing requirements and approves the dismissal without prejudice." But in the present case the danger of prejudice is, so far as we are able to determine, much greater.

Second, the class action was not literally dismissed. First the class was decertified and then the suit, now an individual rather than a class action, was dismissed. But decertification has the same effect on the members of the class, so far as the running of the statute of limitations is concerned, as dismissal of the class action--it is tantamount to dismissal--and so it should be treated the same under Rule 23(e). Another path to this conclusion is Rule 23(c)(1), which provides that an order certifying a class "may be altered . . . before the decision on the merits." It was on the authority of this rule that the district judge decertified the class. Part of any order "altering" the certification in this way should be a provision for notice to the class members.

Third, since it is the class lawyer who is objecting to the district judge's failure to order that notice of decertification be given, and since the cost of the notice will be borne by her or her client, it might seem that if she wants the class members notified she

should go ahead and do it, without bothering the district court or us, and will do so whether or not ordered to do so. But of course she may change her mind, or select an inadequate method of notice. Rule 23(e) is for the protection of the class members, not of the class representative or his lawyer--who will usually have no interest in notifying the class members of the failure of the class action--let alone for the protection of the defendant, who will be content to let sleeping dogs lie. Rule 23(e) should therefore be understood as imposing a duty on the district judge that is nondelegable, he being himself a fiduciary of the class. See Stewart v. General Motors Corp., 756 F.2d 1285, 1293 (7th Cir. 1985); Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1078 (2d Cir. 1995); Greenfield v. Villager Industries, Inc., supra, 483 F.2d at 832. The judge's duty is to order notice unless the risk of prejudice to absent class members is nil and to review for adequacy the form of notice proposed by class counsel in response to the order.

The case is remanded for compliance with Rule 23(e), but in all other respects the judgment of the district court is affirmed.