**Bernadette FULLER, Plaintiff–Appellant,**

**Ortez Taylor, and all others similarly situated, Plaintiffs,**

v.

**INSTINET, INC., Defendant–Appellee.**

No. 04–1161.

United States Court of Appeals, Second Circuit.

Dec. 29, 2004.

Phillip Jaffe, New York, NY, for Appellant.

Margaret Blair Soyster (Jeeheon Kim, on the brief), Clifford Chance U.S. LLP, New York, NY, for Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Bernadette Fuller appeals from a judgment of the district court granting summary judgment to defendant-appellee Instinet, Inc. on her various claims premised on racial discrimination. On appeal, Fuller challenges the Novem-

ber 28, 2001 order of the district court denying certification of a proposed class of black and Hispanic employees of Instinet, the portion of the January 29, 2004 order of the district court denying Fuller's motion for discovery of the names and addresses of all potential class members, and the portion of the January 29, 2004 order of the district court granting summary judgment to Instinet on Fuller's retaliation claims under Title VII and 42 U.S.C. § 1981. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ Fuller first challenges the district court's denial of class certification on the grounds that the statistical study she offered as evidence of discrimination was not probative of discrimination, and that she could not represent a class containing Hispanic employees. Denial of class certification is reviewed for abuse of discretion, but with less deference to the district court than when certification has been granted. *Caridad v. Metro–North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir.1999). The party moving for class certification has the burden of showing numerosity, commonality, typicality, and adequacy. Fed.R.Civ.P. 23(a); *Caridad*, 191 F.3d at 291.

We note that Supreme Court precedent indicates that a black lead plaintiff can represent a class containing Hispanic employees when a general racial discrimination manifests itself in the same way against both black and Hispanic employees. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 159 n. 15, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). To demonstrate such discrimination, Fuller's sole evidence was a statistical study of job titles and salaries that failed to take into account any variables other than race. Statistical studies can establish a class and even a prima facie case of discrimination. *Caridad*, 191 F.3d at 292; *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 339, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). However, failure to account for relevant non-discriminatory factors can reduce the probative value of statistical analyses. *Bazemore v. Friday*, 478 U.S. 385, 400, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986) (per curiam); *Sainte Marie v. Eastern R.R. Ass'n*, 650 F.2d 395, 400 (2d Cir.1981); *compare Caridad*, 191 F.3d at 288 (reversing denial of class certification supported by statistical study accounting for non-discriminatory factors despite other potential flaws) *with Sheehan v. Purolator, Inc.*, 839 F.2d 99, 103 (2d Cir.1988) (affirming denial of certification supported by statistical study that did not account for non-discriminatory factors). We hold that Fuller's failure to include any relevant non-discriminatory factors in her statistical study left it without probative value, and that she therefore failed to carry her burden under Federal Rule of Civil Procedure 23(a).

Fuller next argues that the district court, having denied class certification, had a duty to ensure that potential class members were notified of that decision by ordering the disclosure of names and addresses of potential class members. We review a district court's discovery rulings for abuse of discretion. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004). Federal Rule of Civil Procedure 23(e), as it read prior to the December 1, 2003 amendment, required that "notice of [any] proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." By its terms, former Rule 23(e) does not require notice to potential class members on a denial of class certification. In support of her position, Fuller cites *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir.2002). *Culver* read a notice requirement into for-

mer Rule 23(e) for class decertification, and in dicta supported such a requirement for denial of class certification. *Id.* at 914. We decline to adopt the rule or reasoning of *Culver* in light of the plain language of former Rule 23(e). *See, e.g., Maddox & Starbuck, Ltd. v. British Airways,* 97 F.R.D. 395, 397 (S.D.N.Y.1983).

Fuller finally argues that the district court erred by awarding summary judgment to Instinet on her retaliation claim. We review a grant of summary judgment de novo. *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To state a retaliation claim, a plaintiff must show that she engaged in protected activity, suffered some adverse employment action, and a causal connection exists between the two. *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 94 (2d Cir.2001). An adverse employment action is a "materially adverse change in the terms, privileges, duration and conditions of employment." *Treglia v. Town of Manlius,* 313 F.3d 713, 720 (2d Cir.2002).

Fuller identifies two instances of retaliation: 1) the "corporate mobilization" against her in January 1999, consisting of three emails establishing some monitoring of Fuller's performance, and 2) Fuller's "scathing and derogatory" performance review of August 1999. We do not believe that monitoring, standing alone, changes the terms, privileges, duration or conditions of employment. As to Fuller's performance review, it was average, both in its numerical ratings and in its balance of positive and negative comments. *See Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 443–44 (2d Cir.

1999) (holding that an average evaluation is not, standing alone, an adverse employment action). Fuller argues that the midyear timing of the evaluation was unprecedented, but at oral argument Instinet explained that the change in timing was part of a department-wide program. We therefore hold that Fuller has failed to identify any adverse employment action and that summary judgment was appropriate.

We have considered Fuller's other arguments and find them to be without merit.

For the above reasons, we affirm the judgment of the district court.