Hazel **GRIFFITH**, Plaintiff,

v.

**JAVITCH, BLOCK & RATHBONE, LLP, et al, Defendants.**

No. 1:04–CV–238.

United States District Court, S.D. Ohio, Western Division.

Jan. 16, 2007.

Lisa Talmadge Meeks, Robert Brand Newman, Newman & Meeks Co. LPA, Stephen R. Felson, Cincinnati, OH, for Plaintiff.

Frederic X. Shadley, Ulmer & Berne, Michael J. Chapman, Javitch Block & Rathbone LLP, Cincinnati, OH, Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendants.

## ORDER

BECKWITH, Chief Judge.

Before the Court is Plaintiff's motion to prohibit individual settlement (Doc. 72), to which Defendants have responded. (Doc. 73) Also before the Court is Defendants' motion to dismiss or for summary judgment (Doc. 52), which the Court took under advisement pending additional devel-

opments in Plaintiff's reopened Chapter 7 bankruptcy proceeding.

The Court grants Defendants' motion to dismiss Ms. Griffith's claims, although the claims of the putative class are dismissed without prejudice. The Court denies Plaintiff's motion to prohibit settlement, but will order notice to the putative class.

## BACKGROUND

Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 16923(1) and 1692f, after Defendants filed a bank account garnishment action against Plaintiff under applicable Ohio law. Defendants are attorneys who filed the garnishment action on behalf of their client, Great Seneca Financial Corporation, Plaintiff's creditor. Plaintiff alleges that the attorney's affidavit, required by Ohio law to institute garnishment and executed by a member of the Defendant law firm, included a misrepresentation that violates the FDCPA.

Approximately two months after Plaintiff filed this action, she and her husband filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the Southern District of Ohio (No. 1:04–bk–14363). This case was stayed during that proceeding. Plaintiff's disclosure of her assets and liabilities listed a contingent claim described as "Class action lawsuit against Great Seneca Financial Corp." **This** class action, brought against Great Seneca's law firm, was not separately listed. Plaintiff and her husband were discharged by the bankruptcy court on October 30, 2004 after the trustee's no-asset determination, and this case was reopened on November 23, 2004.

This matter was stayed for a second time on March 29, 2005, at the joint request of the parties, pending a decision from the Sixth Circuit Court of Appeals in *Todd v. Weltman, Weinberg & Reis*, 434 F.3d 432 (6th Cir.2006). That decision was published on January 13, 2006, and a petition for rehearing en banc was denied on April 24, 2006. *Todd* rejected several defenses to an FDCPA suit that are raised by Defendants here on essentially identical factual allegations, and affirmed the district court's denial of a motion to dismiss that action. This case was thus returned to active status on June 6, 2006.

A short time later, on June 29, 2006, Defendants filed a motion to dismiss or for summary judgment. The motion asserted for the first time that Plaintiff failed to properly list this FDCPA claim on her bankruptcy petition, and therefore she lacked standing to proceed. Plaintiff opposed this motion, noting that Plaintiff had disclosed a "class action claim" on her petition, and stating that the bankruptcy trustee would formally abandon the claim so that Plaintiff could proceed. However, an August 8, 2006 letter from the trustee to Plaintiff's counsel stated that the Trustee would not abandon the claim, in the best interest of the bankruptcy estate.

The Court's August 18 Order (Doc. 62) ordered Plaintiff to show cause as to why the complaint should not be dismissed because Plaintiff lacked standing. Defendants' motion to dismiss or for summary judgment was taken under advisement pending further developments in the bankruptcy court. The trustee then filed a formal motion to reopen the bankruptcy case, and an application to employ Plaintiff's counsel (Stephen Felson) as his attorney to prosecute this case on behalf of the bankruptcy estate. In addition, while the motion to dismiss was being briefed, Defendants settled with plaintiff Naomi Johnson, whose separate lawsuit (Case No. 1:04–cv–731) had been consolidated with this case in February 2005.

Then on October 16, Plaintiff filed a copy of a letter from Defendants' attorney to the bankruptcy trustee, enclosing a Rule 68 Offer of Judgment in the amount of $2,000. This letter was not copied or sent to Plaintiff or her counsel. The letter stated that the statutory maximum on damages to an individual under the FDCPA is $1,000, but the offer was double that ($2,000) to cover the trustee's costs and filing fees. The letter pointed out that a settlement would avoid paying any contingent fees to Mr. Felson, and noted that a bankruptcy trustee cannot prosecute a class action on behalf of non-debtors. Finally, Defendants stated that the FDCPA's damages cap for class actions would translate in this case to a maximum class recovery of $20,000 to $30,000 divided among a class of approximately 20,000 individuals. (Doc. 68, Exhibit C)

The trustee immediately forwarded the letter and Rule 68 offer to Mr. Felson, indicating he was inclined to accept the offer on behalf of the bankruptcy estate. (Doc. 68, Exhibit D) Mr. Felson objected to the trustee's proposal, stating that there was "considerable doubt about whether Ms. Griffith's claim is yours to settle, since we think she sufficiently listed it in her bankruptcy papers." He also objected because Fed. Rule Civ. Proc. 23(e) gives the district court authority over a settlement by an individual plaintiff in a class action, and asserted that the proposed settlement would jeopardize the absent class members' rights. (Doc. 68, Exhibit E)

Despite Mr. Felson's objection, the trustee negotiated with Defendants and reached a settlement of $4,000, which the Bankruptcy Court formally approved on November 27, 2006. (Dkt.# 1:04–bk–14363, Doc. 24) The trustee also was granted leave to withdraw his application to employ Mr. Felson.

Plaintiff then filed her motion seeking an order prohibiting the trustee from settling the claim absent "supervision" from this Court. (Doc. 70) The motion cites *Doe v. Lexington–Fayette Urban County Government,* 407 F.3d 755 (6th Cir.2005), for the proposition that the district court has wide authority over all elements of a class action, despite the fact that a class has not been certified in this matter. Plaintiff urged the Court to exercise its power under Rule 23(e) and order notice to the class informing them of the settlement, to avoid prejudice to the putative class members.

Defendants responded (Doc. 72), pointing out Plaintiff's inconsistent positions—first asking the trustee to abandon Ms. Griffith's claim so that she could prosecute it, and then when the trustee refused to do so, seeking to be appointed to represent the trustee. Defendants also deny there are any class members to protect, because no class certification motion has ever been filed, and no class has been certified.

## ANALYSIS

■ There now appears to be little if any doubt that the trustee of Plaintiff's bankruptcy estate succeeded to all of Plaintiff's interest in this claim. Regardless of whether or not Plaintiff's initial failure to accurately disclose this claim was inadvertent, the trustee's declaration unequivocally stated he was not aware of this claim until August 2006. (Doc. 72, Exhibit 2, Kuhn Declaration) When the trustee discovered the claim he refused to abandon it, and reopened the bankruptcy case to deal with it. The trustee has the right and duty to manage the estate for the benefit of Plaintiff's creditors, and this Court will not interfere in the trustee's decision to settle the claim.

■ It is also clear that, except in unusual circumstances that do not exist here,

a Chapter 7 trustee is not an adequate representative for a class of non-debtors, even if the class includes the debtor. Defendants cite *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir.2003), which vacated a district court's class certification order appointing a Chapter 7 trustee as the class representative in an FDCPA action. There, the Seventh Circuit noted the inherent conflicts in a trustee's duty as trustee—primarily maximizing recovery for the estate's creditors—and the duty of a class representative to maximize recovery for the class. This Court agrees with that analysis. Moreover, the trustee in this case has expressed no interest or desire in being appointed as a class representative; rather, he has performed his duty to the estate in reaching a settlement he deems equitable.

■ The only remaining question, as Plaintiff's Reply Memorandum (Doc. 74) implicitly concedes, is whether notice to the putative class should be given of the dismissal of Plaintiff's claim. Case law is legion on the question of whether Rule 23(e) requires such notice to an as-yet uncertified class. The pre–2003 version of that Rule did not expressly require such notice, which resulted in differing opinions on the question. For example, in *Doe v. Lexington–Fayette Urban County Govt.*, 407 F.3d at 761–764, the Sixth Circuit reversed the district court and required notice to the putative class of a settlement and dismissal, even though class certification had previously been denied. The Circuit explicitly referenced the pre–2003 language of Rule 23(e) requiring notice to "the class" with no differentiation between certified and putative classes. The 2003 amendment changed the text of Rule 23(e)(1) to **require** notice only to a **certified** class.

However, even under the current version of the Rule, the Court has a duty to the putative class members, and must examine whether prejudice could result from the dismissal of this claim. The Court notes that this case has been pending for over two years, but much of the time it has been stayed. The delay in filing a certification motion is not solely attributable to Plaintiff. Putative class members, perhaps 20,000 individuals according to Defendants' letter to the trustee, may find their valid claims time-barred absent notice to them. See, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir.2002), where the Seventh Circuit affirmed the district court's decertification and dismissal of a class action, but required notice to the putative class members unless the risk of prejudice was "nil." Despite the fact that Plaintiff has had ample time in which to seek the addition or substitution of a new class representative and has not done so, the Court cannot find that the risk of prejudice here is "nil" such that notice is not required.

The Court also notes many cases discussing the interplay between Rule 68 offers of judgment to individual class plaintiffs, and the requirements of Rule 23. Several courts have expressed concern that defendants should not be able to "short-circuit" class actions by "paying off" the named plaintiffs and mooting their claims before any class certification motion is filed. See, e.g., *Weiss v. Regal Collections*, 385 F.3d 337, 342–344 (3rd Cir.2004). While the Court does not suggest that Defendants have acted improperly in settling the claims brought against them, Defendants did reach individual settlements with both of the individual plaintiffs prior to any class certification motion being filed. Under all of the circumstances of this case, the Court concludes that issuing notice is the most fair and equitable resolution.

## CONCLUSION

For all of the foregoing reasons, the Court grants Defendants' motion to dismiss or for summary judgment (Doc. 52). The claims of Plaintiff Griffith are dismissed with prejudice, and the claims of the putative class members are dismissed without prejudice. Plaintiff's motion to prohibit individual settlement (Doc. 70) is denied, except to the extent that the Court orders notice of the dismissal of this action be provided to members of the putative class who can be identified. Plaintiff shall file a proposed notice with this Court no later than January 29, 2007. Defendant shall file any response or comments to the proposed notice no later than February 12, 2007.

**SO ORDERED.**