Hazel GRIFFITH, Plaintiff,

v.

JAVITCH, BLOCK & RATHBONE, LLP, et al., Defendants.

No. 1:04–CV–238.

United States District Court, S.D. Ohio, Western Division.

March 30, 2007.

Lisa Talmadge Meeks, Robert Brand Newman, Stephen R. Felson, Newman & Meeks Co. LPA, Cincinnati, OH, for Plaintiff.

Naomi Johnson, Cincinnati, OH, pro se.

Frederic X. Shadley, Ulmer & Berne, Michael J. Chapman, Javitch Block & Rathbone LLP, Cincinnati, OH, Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendants.

## ORDER

BECKWITH, Chief Judge.

Before the Court are Plaintiff's proposals for notice to the putative class (Doc. 76), and Defendants' response combined with their motion for reconsideration of the Court's prior order, requiring notice to the putative class of the involuntary dismissal of Plaintiff's claims. (Doc. 77)

This Court granted Defendants' motion to dismiss Plaintiff Griffith's claims in its January 16, 2007 Order (Doc. 75). The Court also denied Plaintiff's motion to block the settlement between Defendants and Griffith's bankruptcy trustee. The Court concluded that notice of the involuntary dismissal should be given to the putative class members, because some risk existed that those class members would be prejudiced by the expiration of the statute of limitations later this year.

Plaintiff filed proposed class notices, one version for publication and one for individual mailing. Plaintiff also suggests that Defendants be required to pay the costs of any notice, citing this Court's reference to *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004).

■ Plaintiff's proposed notices are clearly inadequate. They do not accurately or fully describe the class claims, and simply invite contact with Plaintiff's counsel. Moreover, the Court will not impose notice costs on the Defendants. The concern noted in *Weiss* was that a defendant should not be permitted to "short circuit" a class action claim by paying off the class representative and thereby mooting the class claim. The facts in *Weiss* differ significantly from the facts of this case. In *Weiss*, the defendant offered the maximum statutory damages available under the FDCPA to the named plaintiff before the defendant filed an answer, and before plaintiff moved for class certification. When the offer was rejected, defendant filed a motion to dismiss, arguing plaintiff's claims were moot. Here, in sharp contrast, this Court found that Griffith lacks standing to prosecute her claims. Her bankruptcy trustee, acting in good faith on behalf of the estate's creditors, negotiated a settlement with Defendants. The Court's reference to *Weiss* was not intended to suggest that Defendants should be required to pay for any required notice to the putative class.

Plaintiff does not dispute that the costs of class notice normally are borne by Plaintiff. This is especially true when there has been no ruling on the merits of any claim, as is the case here. Plaintiff in fact has not responded at all to Defendants' motion for reconsideration, which cites the rather exhaustive authorities on this subject.

■ Aside from the payment of costs issue, however, Defendants urge the Court to reconsider the necessity of sending any no-

tice. Case law addressing pre-certification notice generally takes a flexible approach framed by two guiding principles: (1) the lack of collusion or bad faith, and (2) the existence of any reasonable reliance interest by the absent putative class members. See *Doe v. Lexington–Fayette Urban County Gov't*, 407 F.3d 755, 762–764 (6th Cir.2005), and cases discussed therein. The only question in this case is the potential reliance of putative class members, as the Court has already determined that there is no suggestion of collusion or bad faith.

In *Doe*, the Sixth Circuit concluded that the putative class members' reliance interest was objectively established, and therefore reversed the district court's refusal to require notice of the dismissal of the class claims. The Court noted that the classwide allegations of sexual and physical abuse of disadvantaged children participating in a summer work program by the program's long-time director had received widespread publicity, including coverage of the class action lawsuit. The Sixth Circuit found that the extensive publicity presumptively led putative class members to believe that their rights were being protected. The Sixth Circuit also rejected the district court's conclusion that additional victims would not be likely to come forward to assert claims because, in fact, many victims had come forward, and several additional lawsuits had been filed, after the district court dismissed the class claims.

This Court's previous order cited *Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir.2002), where the Seventh Circuit stated that notice must be given unless the risk of prejudice is "nil." *Culver* involved a district court's decertification order, after the named plaintiff's claim was mooted. The *Culver* class (white male applicants to a police department who alleged "reverse" discrimination in hiring practices) had been certified in 1995 and de-certified six years later. As a class had been certified, the Seventh Circuit's concern over prejudice to the putative class members may not directly apply in the circumstances of this case.

*Potential for prejudice.* Neither party has described any publicity that this case may have received. This Court's own research of online news databases reveals no news stories about this lawsuit. Griffith's original complaint was filed on March 31, 2004, and no other putative class member has ever sought to intervene in this case. By June 2006 (after a lengthy stay of proceedings), Defendants raised the problem of Ms. Griffith's standing. Since then, Plaintiff has not sought to name a new class representative. These facts support a conclusion that this case has not received any publicity.

Defendants also note that Ohio law governing garnishment affidavits changed, effective November 5, 2004. That law no longer requires the attorney-affiant to state a belief that the garnishee has non-exempt property; the new law requires the affiant to state only that the garnishee may have non-exempt property. Defendants suggests this change in law would limit the putative class to individuals who had garnishments filed against them before the law changed.

All of these factors support a conclusion that the potential prejudice caused to any putative class member by not giving notice of dismissal of Ms. Griffith's claims is very likely to be minimal or non-existent.

*Other Considerations.* Defendants also raise a number of other factors they suggest weigh against giving notice. These include the actual costs. Defendants' records reflect there may be as many as 26,434 potential class members. But Defendants cannot determine how many of these non-wage garnishments may have involved exempt funds without individually reviewing every file. Defendants submit a cost estimate for direct mailing and publication notice prepared by Kinsella/Novak Communications; the estimates range from $87,600 to $132,000. Defendants also point out that there is no actual plaintiff remaining. The Court will not impose costs on Ms. Griffith, and requiring her counsel to pay the costs poses ethical dilemmas. The Seventh Circuit has observed that "when notice would be a fruitless yet costly gesture, Rule 23(e)—read in light of Rule 1— does not compel the parties to incur pointless expense." *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir.1986). That observation seems applicable to the circumstances presented here.

For all of the foregoing reasons, the Court for good cause grants Defendants' motion for reconsideration. The Court concludes that providing notice to the putative class members is not required in this case. The Court's January 16 Order dismissed the class claims without prejudice to timely refiling by any putative class member.

SO ORDERED.