# In the
# United States Court of Appeals
## For the Seventh Circuit
—————

No. 02-4072

DAVID A. KIFER,

*Plaintiff-Appellant,*

v.

BRAD ELLSWORTH, *et al.,*

*Defendants-Appellees.*

—————

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. EV 79-66-C-Y/H—**Richard L. Young**, *Judge.*

—————

SUBMITTED JULY 23, 2003—DECIDED OCTOBER 17, 2003

—————

Before CUDAHY, POSNER, and RIPPLE, *Circuit Judges.*

POSNER, *Circuit Judge.* This is a procedurally confused case; we write in the hope of heading off future such tangles. Almost a quarter of a century ago, a class action suit was filed in federal court challenging, as a violation of the Eighth Amendment's cruel and unusual punishments clause, conditions in the Vanderburgh County [Indiana] Jail. A class was certified that consisted of current and future inmates of the jail. Only injunctive relief was sought, and in 1994 the district court approved a settlement providing for injunctive relief and retained jurisdiction to enforce it. Five

years later, one of the inmates, and hence a member of the class, David Kifer, asked the district court in effect to modify the injunction. He was able to retain a lawyer from the Indiana Civil Liberties Union to represent him in this endeavor. The lawyer entered an appearance as class counsel and Kifer was listed as a plaintiff in the captions of various court documents, though no order was entered appointing him as the, or a, class representative. As far as we can determine, no class representative has ever been appointed in this litigation. That is one of several anomalies, of which more below, in this case.

The lawyer entered into negotiations with the jail officials. In the course of these negotiations, Kifer became dissatisfied with him and filed a flurry of motions—a motion for appointment of (new) class counsel, a motion to withdraw from the litigation (reflecting his dissatisfaction with the relief proposed by the lawyer), and, five days later, a motion to intervene in the litigation. When these motions were filed, Kifer had already been discharged from the jail, and several months later the district court denied them on the ground that he lacked standing. Shortly afterward, the ICLU lawyer negotiated a further settlement agreement with the jail officials, and the district court then issued an order stating: "The court now ORDERS this case to be administratively closed until the filing of the final settlement agreement." So far as we are aware, no such agreement has been filed.

The case is rich in puzzles. If as appears Kifer was named as a plaintiff when he hired the lawyer, albeit without benefit of a formal order to that effect, how could he intervene? A party cannot intervene in his own case, since the purpose of intervention is to become a party. It is true that Kifer had moved five days earlier to withdraw from the litigation, but the motion had not been granted. It is also true that he had

left the jail by the time he filed the motion to intervene, and so his claim as a class member was moot, but the mooting of the class representative's personal claim does not bar him from continuing to represent the class, *Sosna v. Iowa*, 419 U.S. 393, 399-403 (1975); *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 755-56 and n. 8 (1976); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003); *Martens v. Thomann*, 273 F.3d 159, 173 n. 10 (2d Cir. 2001), as otherwise defendants might delay the grant of relief in class actions indefinitely by buying off the class representatives in succession. *Primax Recoveries, Inc. v. Sevilla, supra*, 324 F.3d at 547; *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002). Moreover, although eventually Kifer's name was eliminated from the captions of court documents, no other class representative has been designated. There was no named plaintiff besides Kifer when his name appeared in the captions, and there is none now; throughout, the plaintiffs are designated only as "Vanderburgh County Jail Inmates." Yet a class action suit cannot proceed in the absence of a class representative, Fed. R. Civ. P. 23(a); *Culver v. City of Milwaukee, supra*, 277 F.3d at 912-13; *Great Rivers Coop. of Southeastern Iowa v. Farmland Industries, Inc.*, 120 F.3d 893, 899 (8th Cir. 1997); so maybe Kifer still is that representative—in which event the motion to intervene was moot when made.

And, supposing he is no longer the class representative, the only defensible ground for intervention by a class member, that is, for a class member's having his status changed from that of an anonymous member of the class to that of a class representative, is that he has good reason to doubt that the existing class representative is acting in the best interests of the class, or of the would-be intervenor member of the class. *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 880 (7th Cir. 2000). The fact that there was

no class representative would certainly be a good reason for a class member to complain that he wasn't being adequately represented! But if Kifer was not the class representative, then when he left the jail and so ceased to be a member of the class (for remember that only injunctive relief is being sought in this class-action suit) he no longer had any basis for intervening; he had no legally protected interest in the suit.

Perhaps his motion to withdraw from the litigation should be construed as a motion to withdraw as class representative, but we have just seen that this cannot do him any good. The motion cannot be construed as a motion to opt out, not because there is no right to opt out of a Rule 23(b)(2) class action (that is, an action that seeks only declaratory or, as in this case, injunctive relief, *Berger v. Xerox Corp. Retirement Income Guarantee Plan*, No. 02-3674, 2003 WL 21770803, at *7 (7th Cir. Aug. 1 2003); *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 897 (7th Cir. 1999))—for a party can always ask the district court to exercise its discretionary authority to permit opting out of such a suit, *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003); cf. *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 24 (2d Cir. 2003) (concurring opinion)—but because he's no longer a member of the class.

We also do not understand what the district judge meant when he said that the case was "administratively closed." Clearly the case was not over with, nor even the phase of the case touched off by Kifer's initial complaint about the adequacy of the original settlement, since the order states that the court is awaiting the submission of a new settlement agreement (presumably a modification of the original one) in final form. Kifer's appeal from the denial of his motion to intervene is moot, because, as we pointed out earlier, he cannot benefit from an order to improve con-

ditions in a jail in which he is no longer being held. He says that he's still a resident of Vanderburgh County and may be arrested and taken to the county jail at any time, but that contingency—which if taken seriously would entitle the entire county population, indeed perhaps the entire American population (since anyone might some day find himself in the Vanderburgh County Jail), to join the class— is too remote to keep his claim alive. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (per curiam); *Knox v. McGinnis*, 998 F.2d 1405, 1413-14 (7th Cir. 1993); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); cf. *Spencer v. Kemna*, 523 U.S. 1, 13-15 (1998); *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983).

We urge the district judge to take a firm grip of this aged litigation, to deal promptly and decisively with Kifer's motion to withdraw, and to make sure that the plaintiff class has a representative. The appeal, however, must be

DISMISSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*