In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-2332

IN RE:

CONSOLIDATED INDUSTRIES CORPORATION,

*Debtor.*

APPEAL OF:

ENODIS CORPORATION

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 04 C 25—**Allen Sharp**, *Judge.*

ARGUED NOVEMBER 10, 2004—DECIDED FEBRUARY 8, 2005

Before POSNER, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* By now it is fair to say we are painfully aware that Consolidated Industries Corporation is in bankruptcy in the Northern District of Indiana. (*In re Consolidated Indus. Corp.*, Bankr. Case No. 98-40533.) To put it mildly, we have seen this case before. This time it is before us on Enodis Corporation's[1] appeal from a decision in yet another of the adversary proceedings growing out of the bankruptcy.

The Consolidated bankruptcy case was originally filed under Chapter 11, but when reorganization was not suc-

---

[1] Formerly Welbilt Corporation.

cessful it was converted to Chapter 7, and Daniel L. Freeland was appointed trustee. At the time of its original filing, Consolidated, which produces residential furnaces and is a wholly owned subsidiary of Enodis, was a defendant in products liability lawsuits in which plaintiffs contended that its furnaces were defectively designed. One such case was a class action pending in California, *Salah v. Consolidated Indus., Inc.*, No. CV 738376 (Cal. Sup. Ct. Santa Clara Cty). Once the bankruptcy case was filed, the automatic stay pursuant to 11 U.S.C. § 362 took effect. The *Salah* plaintiffs moved for partial relief from the stay. That relief was granted to the extent of permitting the *Salah* plaintiffs to pursue their rights against third parties, such as insurance companies, and subject to the express provision that whatever happened in the California state court would have no impact on Consolidated's bankruptcy estate. The order was issued pursuant to *In re Shondel*, 950 F.2d 1301 (7th Cir. 1991), and *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991).

Another products liability case, the one directly involved in this appeal, was filed by Sherrill and Bobby Vansant against Consolidated in the circuit court for Shelby County, Alabama. The Vansants sought $8 million in damages. Because Alabama law does not permit direct actions against insurance companies, the Vansants' suit named Consolidated as the defendant. They, too, sought a "*Shondel/Fernstrom*" order for partial relief from the automatic stay so their suit against Consolidated could proceed. The order was granted. It stated that any judgment in the Vansants favor would have no effect on Consolidated's bankruptcy estate. The defense of the lawsuit was provided by an insurance company from whom Enodis had purchased insurance for its subsidiaries, including Consolidated.

The products liability insurance structure consisted

of various layers of primary and excess insurance. Each primary policy was subject to a self-insured retention (SIR) deductible of $250,000 per occurrence. The SIR applied to defense costs as well as indemnity payments. In practice, a primary carrier would advance defense costs and then bill them back to Enodis until the costs exceeded $250,000. In addition, each insurance policy had a finite policy aggregate limit, which Enodis says means that each dollar spent to resolve one claim results in one dollar less being available for other claims.

The Alabama court ordered mediation of the *Vansant* lawsuit. The mediation was successful and the Vansants agreed to settle their claim for $20,000, to be paid by insurance companies. Because Consolidated remained the named defendant, and because Consolidated was in bankruptcy, the settlement had to be approved by the bankruptcy court. The trustee and the three insurance companies that were funding the settlement filed a joint motion seeking approval of the settlement, which included dismissal of all claims against Consolidated. But soon after the joint motion was filed, the trustee filed a notice of withdrawal of the motion to approve the settlement. That's when the present case began.

Enodis filed this adversary proceeding seeking a mandatory injunction to compel the trustee to obtain bankruptcy court approval of the settlement. The bankruptcy court found, in part, that the trustee had discretion whether and when to settle *Fernstrom/Shondel* litigation. The district court affirmed, finding Enodis lacked standing in the matter, and now Enodis has presented the issue to us.

To hear Enodis tell it, it is shockingly unjust to allow a trustee to reject this favorable settlement. Enodis, which claims direct financial interest in the consummation of the *Vansant* settlement and in seeing an $8 million dollar claim settled for $20,000, argues that the entry of a

*Fernstrom/Shondel* order imposes on the trustee an affirmative duty to cooperate with third parties (like Enodis) which bear the financial risk of tort litigation. The argument is basically that it is ultimately Enodis's money and it is wrong to let the trustee block such an advantageous settlement when the payment does not come from the bankruptcy estate. Thus presented, the argument is compelling.

But, in fact, it tells only part of the story. To understand why the trustee might reject this settlement, it is necessary to understand another of the adversary proceedings arising out of the Consolidated bankruptcy. In that one, after Enodis filed a proof of claim in the bankruptcy proceeding, the trustee sued Enodis and other defendants to recover over $38 million in fraudulent transfers. The district court withdrew the reference of two of the counts and entered an $8.6 million summary judgment against Enodis and another defendant. *Freeland v. Enodis Corp.*, C.A. 01 C 0072 (N.D. Ind. Jan. 7, 2003). Then the bankruptcy court held a 6-week trial on the remaining 14 counts; this proceeding resulted in a $43.3 million judgment against Enodis. The bankruptcy court found that Enodis had unlawfully diverted $30 million in assets from Consolidated. *Freeland v. Enodis Corp.*, Adv. No. 99-4022 (July 28, 2004). This judgment is on appeal to the district court.

The trustee's rejection of the settlement is directly related to the latter case. The trustee says he is protecting his standing under 11 U.S.C. § 544(b)(1) to avoid the over $30 million of fraudulent transfers that Enodis caused Consolidated to make to Enodis. The trustee explained that, under 11 U.S.C. § 544(b), he has standing to pursue any causes of action a creditor could have pursued, provided that "a creditor existing at the time the transfers were made . . . still had a viable claim against [the] debtor at the time the bankruptcy petition was filed." *In re Acequia, Inc.*, 34 F.3d 800, 807 (9th Cir. 1994). The

Vansants' claim dates back prior to the filing and provided the trustee with standing to avoid the transfers to Enodis. However, Enodis has raised the argument that settling the *Vansant* claim deprives the trustee of standing under § 544(b). While the trustee believes that Enodis is wrong and that the settlement would not alter his ability to rely on the Vansant claim to provide him with standing, he is concerned that Enodis will persist in its argument. Trying to avoid the issue even if he thinks he would ultimately prevail, in an abundance of caution the trustee rejected the settlement.

The trustee's explanation sheds a whole new light on the situation. As the bankruptcy judge explained:

> Where Vansant is concerned, not only have I heard no evidence that leads me to believe that the Trustee has not appropriately exercised his judgment, but what I have heard leads me to believe that Trustee had a good reason to pull that deal off the table, given what he saw Enodis' position being in 4022 with regard to the consequences to that litigation if the Vansant claim was settled and potentially putting this Prometheus creditor claim out from under the— out from under the Trustee as a basis to assert rights against Enodis.

> Now, I'm not for a moment saying that Enodis was right in making that assertion. I'm not even saying that Enodis made that assertion. That was Mr. Freeland's perception of what Enodis said and we can really only go—he can really only make his mind up based upon what he thinks is going on, even though it may—it may or may not vary from what is actually going on.

> But it seems that the Trustee made his decision to hold off seeking approval of the Vansant settlement in an effort to, A, preserve assets of the Bankruptcy Estate; i.e. maximize the claim against Enodis; but, more significantly, since I—in an effort to avoid a whole

range or avoid becoming embroiled in an entirely separate dispute. If he held off on the Vansant litigation, we don't have to fight this fight about whether the compromise of the Vansant claim destroys the Trustee's rights to stand upon it for the purpose of prosecuting a claim against Enodis yea or nay.

I think that was an appropriate decision to make. Furthermore, there is no suggestion here that the deal can't be resurrected at any time. I mean, if they were willing to settle on particular terms and conditions a year ago, why wouldn't they be willing to do it now?

Because this appeal will be dismissed on other grounds, we will not discuss in detail why we agree with this explanation. We will say, though, that a fear that Enodis might raise an issue—even one which seems unlikely to succeed—is entirely justified. Enodis's actions in this case support the fear. Our quick count of the appeals in which Enodis is involved in the Consolidated bankruptcy shows that at least 13 have been filed. Most of them have been dismissed for lack of jurisdiction—usually because the matter at issue remained pending in the district court. In a published decision, *In re Consolidated*, 360 F.3d 712 (7th Cir. 2004), we affirmed the dismissal of Enodis's adversary complaint against Employers Insurance of Wausau. Less than a month before oral argument in the present case, we issued an order inviting trustee Freeland to file a motion for sanctions against Enodis in our case number 04-3074. It was clear our patience was wearing thin. We stated:

Enodis Corporation has filed yet another appeal while this bankruptcy proceeding remains pending in the district court. We have dismissed quite a number of Enodis's appeals, and we remarked last month that Enodis should thank its lucky stars that it had not been sanctioned.

*In re Consolidated Indus. Corp.*, Case No. 04-3249, order of

October 14, 2004. Then, a few days after oral argument in the present case, Enodis's lucky stars did fail. On November 19, 2004, we ordered sanctions against Enodis in the amount of $36,698 in attorney fees plus $116.40 in costs. Still pending is the trustee's motion for clarification, basically asking whether we didn't mean to award more money. It would be foolish, indeed, for the trustee to assume he could put his faith in Enodis not to pursue an argument just because it is unlikely to succeed. He knows better and so do we.

But to get back to the case at hand, we note that this appeal, too, is doomed. There are significant issues as to whether Enodis has standing. And the trustee contends that the appeal is moot because the Vansant settlement had been taken off the table. We cannot order approval of a settlement which does not exist.

And at oral argument, we learned that it gets worse. While we were hearing argument about why the trustee should be compelled to approve a possibly now-defunct settlement, we were told that there is a new settlement. Not surprisingly, we granted the trustee's subsequent motion that we take judicial notice of certain documents, including an order of the bankruptcy court approving the second settlement and the order of the Alabama court dismissing the Vansants' case. The new settlement is different in two respects from the former. It is for $25,000, rather than $20,000, a difference which seems insignificant when we remember, as Enodis emphasized throughout this case, that the original claim was for $8 million. And it retains to Consolidated a $2,000 unsecured claim, which protects the trustee's standing under § 544(b) to avoid the fraudulent transfers.

This case was moot before and it is moot now. It is not possible to require a trustee to seek approval of a defunct settlement, and it would be absurd to order him to seek approval of an already approved settlement. This appeal is DISMISSED.

A true Copy:

    Teste:

                      _____

                      *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*