In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2634

LANCE WRIGHTSELL,

*Plaintiff-Appellant*,

*v.*

COOK COUNTY, ILLINOIS, and SHERIFF OF COOK COUNTY,

*Defendants-Appellees*.

JOHN SMENTEK,

*Petitioner for Leave to Intervene*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division;
and Petition for Leave to Intervene.
No. 08 C 5451—**John W. Darrah**, *Judge*.

SUBMITTED SEPTEMBER 28, 2009—DECIDED MARCH 31, 2010

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.    Lance Wrightsell, a former inmate of the Cook County Jail, brought suit under 42 U.S.C. § 1983 against the County (and its sheriff, but we can disregard the claim against him), charging that its

failure to make more than a single dentist available to the jail's 10,000 inmates was cruel and unusual punishment and thus violated the Eighth Amendment. He asked the district court to certify a class consisting of "all persons who, while confined at Cook County Jail on and after Sept. 23, 2006, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request." The district court denied class certification, and after we denied Wrightsell's petition for leave to appeal the denial, *Wrightsell v. Sheriff of Cook County*, No. 09-8016 (Apr. 2, 2009), he agreed to the defendant's offer of judgment, made pursuant to Fed. R. Civ. P. 68, of $10,000. The offer stated that the plaintiff agrees to dismiss his suit and renounce "any right to appeal."

Nevertheless he filed a notice of appeal from the dismissal. The County has asked us to dismiss the appeal, while another former inmate, John Smentek, has petitioned us for leave to intervene in the appeal. Smentek is represented by the same lawyer as Wrightsell, and his own class action suit against the County, also based on denial of adequate dental care at the Cook County Jail, is pending in the district court. *Smentek v. Cook County*, No. 09 C 00529 (N.D. Ill.). His proposed class differs from Wrightsell's only in its beginning date. Wrightsell's class, as we know, encompasses all inmates who, beginning on September 23, 2006, went without needed dental treatment for a week; in Smentek's proposed class the opening date is three months later, January 1, 2007.

On January 27, 2009, the district judge denied class certification in Smentek's case but made the denial "sub-

ject to refiling [of the motion for class certification] after the court of appeals rules in" the present case.

In *Pastor v. State Farm Mutual Automobile Ins. Co.*, 487 F.3d 1042, 1043-44 (7th Cir. 2007), we allowed the named plaintiff to appeal the denial of class certification despite her having settled her individual claim. We said that "her acceptance of the [defendant's] offer did not resolve the dispute between the unnamed class members and the defendant and so did not render the case moot." See also *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); *Kifer v. Ellsworth*, 346 F.3d 1155, 1156 (7th Cir. 2003); *Hines v. Widnall*, 334 F.3d 1253, 1257 (11th Cir. 2003) (per curiam); *Love v. Turlington*, 733 F.2d 1562, 1565 (11th Cir. 1984); cf. *Dugas v. Trans Union Corp.*, 99 F.3d 724, 726 (5th Cir. 1996). We were concerned that "otherwise defendants might delay the grant of relief in class actions indefinitely by buying off the class representatives in succession." *Kifer v. Ellsworth*, *supra*, 346 F.3d at 1156; see also *Culver v. City of Milwaukee*, *supra*, 277 F.3d at 910.

*Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009), however, held that a named plaintiff who settles his claim and is awarded attorneys' fees cannot be allowed to appeal the denial of class certification because, having gotten all the relief that he sought, he has no personal stake in having the class certified. It would be different, the opinion states, *id*. at 491-92, if, as in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 336 (1980), the appellant had a pecuniary interest as class representative (as distinct from as plaintiff), for example in being reim-

bursed by other members of the class for the attorneys' fees that he had incurred; but the plaintiff in *Muro* had no such interest. The distinction between the named plaintiff's stakes as plaintiff and as representative is made in other cases as well. See *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 705-06 (6th Cir. 2009); *Anderson v. CNH U.S. Pension Plan*, 515 F.3d 823, 827 (8th Cir. 2008); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 613-14 (8th Cir. 2003); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105-06 (4th Cir. 1999). There is thus a tension, unnecessary to resolve in this case but worth noting for future reference, between the *Pastor* and *Muro* lines of cases.

Some cases distinguish between "voluntary" and "involuntary" settlements. In the first type the named plaintiff willingly accepts a settlement offer (as in *Pastor*) and also—as in the present case—executes a waiver of his right to appeal. In the second type of case the defendant makes an offer of settlement that equals or exceeds the maximum amount of money, including any attorneys' fee or court costs, that the law would entitle the plaintiff to recover if he prevailed in the suit. If the plaintiff refused such an offer in a case that was *not* a class action, the court would lose jurisdiction because he would have nothing to gain by continuing to litigate. *Thorogood v. Sears, Roebuck & Co.*, No. 09-3005, 2010 WL 476653, at *3 (7th Cir. Feb. 12, 2010). (*Thorogood* began as a class action, but by the time the plaintiff refused the defendant's Rule 68 offer the class had been decertified.) But several cases suggest that when the suit is a class action, the named plaintiff can refuse the offer *and* appeal.

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21
(5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348-
49 (3d Cir. 2004); *Zeidman v. J. Ray McDermott & Co., Inc.*,
651 F.2d 1030, 1051 (5th Cir. 1981). It has even been ques-
tioned whether Rule 68 offers should be permitted
in class action cases, because they provide a means
by which a defendant can pick off successive class rep-
resentatives by offering more than the maximum value
of the class representative's personal claim. *McDowall v.
Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003).

To allow a person to litigate a class action after his
personal claim has evaporated, whether by his voluntary
acceptance of a settlement offer or by the defendant's
making a Rule 68 offer that exceeds the plaintiff's
potential stakes in the case, may seem to violate the
bedrock principle that at all stages of a case in federal
court the plaintiff must have something tangible to gain
by winning; otherwise the court loses jurisdiction. But
there are exceptions to this as to most legal generaliza-
tions. They include the inherently transitory claim,
*Gerstein v. Pugh*, 420 U.S. 103, 110-11 n. 11 (1975); *Olson v.
Brown*, No. 09-2728, 2010 WL 375677, at *1 (Feb. 4, 2010)
(that is, a claim bound to become moot before it can be
litigated to judgment), the claim capable of repetition by
the person advancing it but evading review, *Federal
Election Comm'n v. Wisconsin Right To Life, Inc.*, 127 S. Ct.
2652, 2662 (2007); *U.S. Parole Comm'n v. Geraghty*, 445 U.S.
388, 398 (1980); *Weinstein v. Bradford*, 423 U.S. 147, 148-49
(1975) (per curiam); *Bowens v. Quinn*, 561 F.3d 671, 673
(7th Cir. 2009), and other exceptions listed in 15 *Moore's*

*Federal Practice* § 101.99 (3d ed. 2009), and Alba Conte & Herbert Newberg, *Newberg on Class Actions* §§ 2:13-2:22, pp. 130-54 (4th ed. 2002)—including the involuntary-settlement cases that we cited earlier, which permit a class representative who no longer has a personal stake in the class action to continue litigating it nonetheless.

It will help in unraveling the mysteries of the present case to note the sheer strangeness of the fact that settlements with class representatives often, as in this case, contain explicit waivers of the right to appeal; in an ordinary civil settlement it is taken for granted that the settlement extinguishes all rights to further prosecution of the suit, including the right to appeal. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 191-92 (2000); *In re Consolidated Industries Corp.*, 397 F.3d 524, 527-28 (7th Cir. 2005); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3533.2, pp. 777-81 (3d ed. 2008). The frequency in settlements with class plaintiffs of explicit waivers of appeal may reflect a concern that in the absence of such a waiver a class representative who settled could nevertheless, as in *Pastor*, appeal because a named plaintiff plays a dual role in a class action—as plaintiff and as representative of the unnamed class members. A settlement of his personal claim might coexist with a duty as class representative to appeal on behalf of the class should there be meritorious grounds for appealing.

The plaintiff's renunciation of his status as class representative, and of any duties attached to it, would usually be harmless, or at least not fatal, if another member of

the class stepped forward as named plaintiff suing on behalf of the class. But there could be delay and with it possible statute of limitations problems. Harmless or not, by explicitly waiving his right to appeal a class representative resigns his representative status and if he does attempt to appeal it is in violation of an explicit term of the settlement agreement. A rule prohibiting a class representative from waiving his right to appeal would deter the filing of class actions by locking a class action plaintiff into a litigation that he might decide down the road that he wanted nothing more to do with. The waiver of appeal does facilitate the "picking off" danger that lies behind the exception to the doctrine of mootness that we have explained. But that effect has to be balanced against the adverse effect on the willingness of a person to be a named plaintiff in a class action if he cannot waive his right to appeal.

Wrightsell, though he filed a notice of appeal, can be considered a placeholder for Smentek. The two have the same lawyer, as we said; and the notice of appeal filed by the lawyer in Wrightsell's name could be viewed as an effort to preserve appellate remedies by looking for a class member to step into his shoes, Smentek being a member of Wrightsell's class as well as his own. Wrightsell's settlement, including his explicit waiver of a right to appeal, has removed him from the case but without precluding other class members from picking up the fallen torch. Smentek's motion to intervene states that "intervention is warranted because plaintiff Wrightsell may not have standing to seek review of

the district court's adverse class determination for the unnamed members of the class."

Suppose Wrightsell's class had been certified, and he had then settled in the district court on behalf of the class rather than purely as an individual; and suppose that Smentek, as a member of the class, had objected to the settlement at the hearing in the district court to consider whether it should be approved (the "fairness hearing," as it is called). Smentek could then have challenged the settlement in this court without having to intervene in the district court. *Devlin v. Scardelletti*, 536 U.S. 1, 10-11 (2002). But before certification, a class member who like Smentek would like to appeal the denial of certification must ask the district court for permission to intervene in the case and must do so within the statutory deadline for filing a notice of appeal. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977); *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 582-83 (7th Cir. 2008); *Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000). Otherwise he has no legally protected interest in the litigation, *In re Integra Realty Resource, Inc.*, 354 F.3d 1246, 1257 (10th Cir. 2004), and if nevertheless he could appeal it would mean that every member of a proposed class of millions could appeal from the denial of class certification.

Smentek didn't petition the district court to be allowed to intervene at all, let alone on time, to oppose the denial of class certification, and he offers no excuse for his failure—how could he, since he has the same lawyer as Wrightsell?

Smentek's petition to intervene is therefore DENIED. Wrightsell's appeal is DISMISSED.