NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided September 21, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2128

| | |
|---|---|
| JESSE McMILLAN, et al., | Appeal from the |
|     *Plaintiffs-Appellees*, | United States District Court for the |
| | Central District of Illinois. |
|     *v.* | |
| | No. 92-cv-2187 |
| MARK A. HYZY, | |
|     *Proposed Plaintiff-Intervenor-* | Harold A. Baker, |
|     *Appellant*, | *Judge*. |
|     *v.* | |
| AUDREY McCRIMON and | |
| PHIL BRADLEY, | |
|     *Defendants-Appellees*. | |

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Mark Hyzy moved to intervene in this long dormant case to enforce a permanent injunction that requires the Illinois Department of Human Services to accept and process applications for the Home Services Program ("HSP"), which allows Medicaid-eligible persons to receive in-home care rather than placement in a nursing home. He seeks declaratory relief, unspecified damages, and a supplemental injunction requiring the agency to respond to applications by a certain date and to pay a fine to the applicant if it does not.

Hyzy's chief complaint is that the Department took more than two years to process his HSP application. The district court denied Hyzy's intervention motion, stating that the case was closed.

On appeal Hyzy argues that there was no procedural impediment preventing the district court from considering the merits of his motion to intervene. He contends that the administrative closure of a case from the active docket has nothing to do with the court's ability to entertain a motion to intervene to enforce a permanent injunction. He is correct on that point. Contrary to the agency's argument, the administrative closure of a case is not a sufficient reason to deny intervention when a permanent injunction remains in place.

A permanent injunction persists until it expires on its own terms or is formally dissolved by a court order, such as when the restrained party moves for relief under Rule 60(b)(5) of the Federal Rules of Civil Procedure—which never happened here. *See Zbaraz v. Madigan*, 572 F.3d 370, 378 (7th Cir. 2009). And generally a district court retains jurisdiction to enforce its own judgment where, as here, the judgment incorporates the terms to be enforced and the suit is not dismissed with prejudice. (Here it was simply closed by stipulation, presumably under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.) *See Shapo v. Engle*, 463 F.3d 641, 645–46 (7th Cir. 2006); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985). Intervention in an administratively closed case is not inherently improper. *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("Designating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties."); *cf. Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003).

But even though the judge denied the intervention motion on an improper ground, a remand is unwarranted because Hyzy lacks standing to seek enforcement of

the permanent injunction. Standing is required for intervention as of right and for permissive intervention under most circumstances. *See Bond v. Utreras*, 585 F.3d 1061, 1070–71 (7th Cir. 2009). To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Hyzy made clear in his intervention motion that he withdrew his administrative appeal of the agency's action and "declined to complete the HSP application process due to improvement in his physical condition rendering HSP services unnecessary." So Hyzy has no current need for services and therefore no injury that could be remedied by a favorable decision. *See id.* And although Hyzy sought unspecified damages, no statute or regulation allows damages for an alleged violation of HSP requirements. And we see no basis for damages under any other theory of relief cognizable under 42 U.S.C. § 1983.

Accordingly, we MODIFY the judgment to reflect that the intervention motion is dismissed for lack of subject-matter jurisdiction. As modified, the judgment is AFFIRMED.